WALLACE, JUDGE:
The claimant filed this claim against the respondent in the amount of $350,000.00 for additional compensation and the payment of certain unpaid invoices for work performed under a contract with the respondent hereinafter discussed.
By a Stipulation dated April 20, 1978, the matter of the unpaid invoices was settled. The Stipulation filed by Order of this Court entered on April 25, 1978, acknowledges payment to the claimant by the respondent of $26,108.02, representing the balance due on unpaid invoices, and a further agreement that the contract was 77.48 per cent completed when cancelled by respondent.
The claim grows out of a contract between the claimant and the respondent dated December 26, 1966, wherein respondent employed claimant as consulting engineer to provide construction and right-of-way plans in the design of the Appalachian Corridor G Highway between Holden, West Virginia, and Logan, West Virginia. The contract of December 26, 1966, was the result of negotiations between the claimant and the respondent over a period of several months.
At the first meeting, held on August 24,1966, to establish a fee for claimant’s services, claimant submitted a price for design alone of $799,900.00. Respondent advised that the fee was excessive based on its estimated cost of $12,418,000.00. The parties met again on October 14, at which time claimant re-studied the proposal and resubmitted a figure of some $608,000.00, which was also considered too high. After a third meeting, claimant and respondent arrived at a fee of $432,000.00. The parties then entered into the contract of December 26, 1966, to do the design work for this lump sum fee.
As the design plans progressed, it became apparent that the *312 construction costs of the highway would exceed the $12,000,000.00-plus as estimated by the respondent. The claimant contends that there was a change in scope and character of the project, and, under the terms of the contract, it was entitled to additional compensation.
Mr. Richard Schoenfeld, testifying on behalf of the claimant, stated that respondent’s estimate of costs of $12,400,000.00 was perhaps artificial, and that the project would cost considerably more. He stated: “We were well aware that there were problems in this particular section because we had been working the section for two years.” Claimant contends that it would not have entered into the contract if the protection of Section 6-F had not been included in the contract. This section provided, “In the event of a substantial change in the scope and character of the work, such as the addition or deletion of interchanges, bridges or any other changes requiring an increase or decrease in fee payments, when ordered by the commission in writing, the fees will be adjusted accordingly by a supplemental agreement as the basis of a lump sum fee or the actual cost of direct technical labor plus overhead and expenses and a fixed fee to cover profit only.”
By letter dated May 12, 1969, the claimant made an effort to obtain a supplemental agreement with the respondent claiming a change in the scope and character of the work. The respondent replied to the claimant to the effect that its letter of May 12, 1969, did not support a substantial change in the scope and character of the work as there were no definite items that had been changed. The claimant later withdrew its proposal and did not pursue its effort thereafter.
The respondent later cancelled the contract after it was 77.48 per cent completed and before the work on the Logan Interchange was completed.
The record in this case does not disclose a change in the scope and character of the work as would justify a supplemental agreement for additional compensation. However, the Court finds that the claimant is entitled to additional compensation for design work entailed in the extension of the length of the roadway and the additional design required for 2.1 miles of frontage road.
At the outset of the hearing, the claimant and the respondent requested that this.matter be heard only on the issue of liability, and, in the event that the Court found liability, the parties be *313 permitted to negotiate the matter of the amount of recovery. Accordingly, the Court directs that the parties consider the findings herein, and within a period of time not to exceed 120 days from the date of this Opinion, file their recommendations for the amount of recovery for the approval of the Court.

Filed with Court of Claims on January 20,1981

IN THE COURT OF CLAIMS OF THE STATE OF WEST VIRGINIA
HIGHWAY ENGINEERS, INC., a corporation Claimant, WEST VIRGINIA DEPARTMENT OF HIGHWAYS, a corporation, and THE STATE OF WEST VIRGINIA, Respondent.
Claim No. CC-76-37
ORDER AND RECOMMENDATION
This day came the claimant, Highway Engineers, Inc., by counsel, E. Joseph Buffa, Jr., and the West Virginia Department of Highways and The State of West Virginia, respondent, by counsel, Stuart Reed Waters, Jr., and jointly represented to the Court that as directed by the Court in its opinion issued in the above styled claim, the parties have agreed to an amount of recovery for approval by the Court.
It is hereby jointly recommended by Highway Engineers, Inc., claimant, and the West Virginia Department of Highways and The State of West Virginia, respondent, that the claimant is entitled to recover from the respondent, the following sums of money on the following items:
I. EXTENSION OF LENGTH OF ROADWAY
A. Increased Length of Roadway .43 miles
B. Divided by Original Length of Project 6.4 miles as per agreement
C. Multiplied by Original Lump Sum Fee as per agreement $432,300.00
*314 D. Multiplied by Percentage of Contract Completed 77.48
E. Additional Compensation Recommended $22,504.19
II. ADDITIONAL DESIGN OF FRONTAGE ROAD
A. Original Lump Sum Fee for Frontage or Side Road as per agreement $3,281.00
B. Divided by Original Contemplated Length of Frontage or Side Road as per agreement .5 miles
C. Multiplied by Additional Length of Frontage or Side Road 2.1 miles
D. Multiplied by Percentage of Contract Completed 77.48
E. Additional Compensation Recommended $10,676.90
TOTAL RECOMMENDED AWARD $33,181.09
It is further agreed by and between the claimant. and the respondent hereto that all other items of claim and parts of items of claim not agreed to be paid in this recommendation or by previous stipulation, as set out and alleged in claimant’s Notice of Claim filed in this action, are to be disallowed and not considered by the Court for any award and are to be dismissed.
Upon consideration of the claimant’s and respondent’s representations, the Opinion of the Court heretofore filed in deciding the subject claim and the recommendation set out aforesaid, the Court is of the opinion to and does sustain the same and the same are hereby received, filed and accepted; and it is hereby further ordered that the claimant be and it is hereby granted an award against the respondent in the amount of Thirty-Three Thousand One Hundred Eighty-One Dollars and Nine Cents ($33,181.09).
It is hereby further ordered that all other items of claim and parts of claim set out and alleged in claimant’s Notice of Claim, which were not previously stipulated or allowed in the above award, are hereby disallowed.
Entered this 21st day of January, 1981.
George S. Wallace, Jr.
Judge
*315 APPROVED BY:
HIGHWAY ENGINEERS, INC., a corporation
By
E. Joseph Buffa, Jr.
Its Counsel
WEST VIRGINIA DEPARTMENT OF HIGHWAYS, a corporation, and THE STATE OF WEST VIRGINIA
By
Stuart Reed Waters, Jr.
Its Counsel